IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JEFFERY RESHAD MIDDLETON,

    Plaintiff,

v.                                                       CASE NO. 4:08-cv-00451-SPM -GRJ

JOHN BARFIELD, et al,

    Defendants.

_____/

## **REPORT AND RECOMMENDATION**

       Plaintiff initiated this cause of action on October 14, 2008, alleging denial of procedural due process in connection with a disciplinary report issued by officers at Franklin Correctional Institution. (Doc. 1.) The case has been pending for more than two years, in part because Plaintiff filed four Amended Complaints (Docs. 14, 17, 19 and 27) before he stated claims sufficient to warrant service on the Defendants. (Doc. 29.)

       Plaintiff apparently was released from prison and filed a notice advising the Court of his new address at: 1189 W. 21st St. #2, Jacksonville, FL 32209. (Doc. 61.) Plaintiff also inquired about the status of his case and the Clerk responded. (Doc. 64.) The Clerk's letter was returned as undeliverable (Doc. 65) and the matter was referred to the undersigned for review. (Doc. 66.) Out of an abundance of caution, the Court entered an Order to Show Cause mailed the last address provided by the Plaintiff. (Doc. 67.) Plaintiff was directed in the Order to Show Cause to respond in writing on or before February 4, 2010, or risk dismissal of his lawsuit. (Doc. 67.) The Order to Show

Cause was not returned and despite Plaintiff having received the order, Plaintiff has failed to respond.

A trial court has inherent power to dismiss a case *sua sponte* for failure to prosecute. Link v. Wabash Railroad, 370 U.S. 626 (1962); Eades v. Alabama Dept. of Human Resources, 298 Fed. Appx. 862 (11th Cir. 2008) (district court has discretion to dismiss case *sua sponte* where plaintiff has failed to comply with court orders and was on notice that such failure may result in dismissal). Fed. R. Civ. P. 41(b) also authorizes a district court to dismiss an action for failure to obey a court order.

Although Plaintiff's lack of diligence in prosecuting this matter supports dismissal under Fed. R. Civ. P. 41(b), the Court also finds additional grounds for dismissal in Defendants' Motion to Dismiss for Failure to Exhaust Administrative Remedies (Doc. 46), which is due to be **GRANTED**.

In his response to Defendants' motion (Doc. 48), although Plaintiff represents that he attempted the grievance process concerning the issues raised in his Fourth Amended Complaint, he concedes that he did not complete the grievance process. Id. at 4. The law is well settled that the exhaustion requirements of 42 U.S.S. § 1997e(a) mandate that an inmate must not only commence the grievance process, but must perfect his appeal to the highest administrative level in the process. Alexander v. Hawk, 159 F.3d 1321, 1323-26 (11th Cir. 1998). Because Plaintiff failed to do so his complaint is due to be dismissed for failure to exhaust.

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED** for

failure to exhaust administrative remedies and for failure to prosecute.

At Gainesville, Florida, this 9th day of February, 2011.


*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**